B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Luc A. Despins, Chapter 11 Trustee | DEFENDANTS<br>Taurus Fund LLC, Scott Barnett, as trustee of Taurus Fund LLC, and Taurus Management LLC, as trustee of Taurus Fund LLC |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Paul Hastings LLP, 200 Park Avenue<br>New York, NY 10166, (212) 318-6000<br>Attn: Douglass Barron | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Declaratory Judgment that Debtor is equitable owner of Mahwah Mansion and ordering turnover of Mahwah Mansion and fixtures and personal property in Mahwah Mansion to Trustee; that Debtor is equitable owner of Taurus Fund and ordering turnover of Taurus Fund and its assets to Trustee; and that in the alternative, that Taurus Fund is Debtor's alter ego and ordering turnover of Taurus Fund and its assets to Trustee.  Involves 11 U.S.C. 541, 542 and 544.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
Declaratory Judgment and Injunctive Relieve as set forth above.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Ho Wan Kwok | BANKRUPTCY CASE NO.<br>22-50073 (JAM) | |
| DISTRICT IN WHICH CASE IS PENDING<br>  Connecticut | DIVISION OFFICE<br>Bridgeport Division | NAME OF JUDGE<br>  Julie A. Manning |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>  July 11, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>  Douglass Barron | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

----------------------------------------------------------x
                                                          :
In re:                                                    :     Chapter 11
                                                          :
HO WAN KWOK, *et al.*,[1]                                 :     Case No. 22-50073 (JAM)
                                                          :
          Debtor.                                         :     (Jointly Administered)
----------------------------------------------------------x
                                                          :
LUC A. DESPINS, Chapter 11 Trustee,                       :     Adv. Proceeding [•]
                                                          :
          Plaintiff,                                      :     July 11, 2023
                                                          :
v.                                                        :
                                                          :
TAURUS FUND LLC,                                          :
SCOTT BARNETT, as trustee of TAURUS                       :
FUND LLC, and                                             :
TAURUS MANAGEMENT LLC, as trustee                         :
of TAURUS FUND LLC,                                       :
                                                          :
          Defendants.[2]                                  :
----------------------------------------------------------x

**COMPLAINT OF CHAPTER 11 TRUSTEE FOR ESTATE OF HO WAN KWOK**
**SEEKING, PURSUANT TO BANKRUPTCY CODE SECTIONS 541, 542, AND**
**544, (I) DECLARATORY JUDGMENT THAT DEBTOR IS EQUITABLE**
**OWNER OF MAHWAH MANSION AND THAT SUCH PROPERTY IS**
**PROPERTY OF ESTATE AND (II) RELATED RELIEF**

        Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), files this

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
      Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
      LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address
      for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc
      A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   The trustees of Taurus Fund named as defendants will be served with the Complaint.

adversary complaint (the "Complaint") against defendants Taurus Fund LLC ("Taurus Fund"), Scott Barnett, as trustee of Taurus Fund, and Taurus Management LLC, as trustee of Taurus Fund ("Taurus Management" and, collectively with Taurus Fund and Scott Barnett, the "Defendants") and states as follows:

## NATURE OF ACTION

1.      The Trustee brings this Complaint to recover yet another multi-million-dollar asset the Debtor has hidden from his creditors with the aid of his seemingly endless web of shell companies.  The asset in question is one of the largest mansions in the United States, a 21 bedroom, 50,000 square foot, castle-styled private residence with 12.5-acre grounds located at 675 Ramapo Valley Road, Mahwah, New Jersey 07430 (the "Mahwah Mansion").  This extremely valuable property is owned by the Debtor but held by or in the name of a shell company, Taurus Fund.  For the reasons set forth herein, the Mahwah Mansion and the fixtures and personal property located in the Mahwah Mansion should be turned over to the Trustee and incorporated into the chapter 11 estate for the benefit of the Debtor's creditors.

2.      The Mahwah Mansion was purchased in December 2021 for $26.5 million and has since been used by the Debtor personally.  Taurus Fund, the property's nominal owner, is, according to its Articles of Organization, a manager-managed LLC managed by (i) the Debtor's chauffeur and/or bodyguard, Scott Barnett, and (ii) another shell company, Taurus Management.

3.      As further discussed below, Taurus Fund is in administrative default under Nevada law.  Its charter was revoked and right to transact business forfeited.  As a result, as of January 1, 2023, Taurus Fund's managers, Scott Barnett and Taurus Management, have held all property and assets of Taurus Fund—including the Mahwah Mansion—in trust.

4.      Despite holding nominal title to the Mahwah Mansion, Taurus Fund is, in reality, the owner in name only.  The Debtor's control of the Mahwah Mansion is transparent, with the property's actual control and ownership disguised by only the smallest of fig leaves.  Until his arrest and detention, the Debtor used the Mahwah Mansion as his residence, filling it with his own personal belongings and funding millions of dollars of renovations to the property through Taurus Fund.  Meanwhile, the "management" of this historic mansion worth tens of millions of dollars is allegedly entrusted to the Debtor's driver and/or bodyguard, Mr. Barnett.

5.      These and the other facts described herein show that the Debtor was (and remains) the equitable owner of the property at all relevant times.  Because the Mahwah Mansion is equitably owned by the Debtor, it is property of the Debtor's chapter 11 estate.

6.      Based on these facts, the Trustee seeks a ruling pursuant to sections 541, 542, and 544 of the Bankruptcy Code (i) declaring that the Debtor is the equitable owner of the Mahwah Mansion and that the Mahwah Mansion is property of the Debtor's chapter 11 estate to be administered by the Trustee, and (ii) ordering the turnover of the Mahwah Mansion and the fixtures and personal property located in the Mahwah Mansion to the Trustee.

7.      The Trustee separately asserts that (i) the Debtor equitably owns Taurus Fund itself or, alternatively, (ii) Taurus Fund is the Debtor's alter ego.  In either case, Taurus Fund or its assets (or their value) should be brought into the Debtor's chapter 11 estate.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).  This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. §157(a).  Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3

## PARTIES

9.      The Trustee is the chapter 11 trustee in the Chapter 11 Case pursuant to the

Court's order entered on July 8, 2022 [Main Case Docket No. 523].

10.      Taurus Fund is a limited liability company formed in the State of Nevada and is

the purported nominal owner of the Mahwah Mansion.

11.      Scott Barnett is one of the two managers of Taurus Fund, and upon information

and belief, a trustee of Taurus Fund.  Barnett is also the Debtor's chauffeur and/or bodyguard.

12.      Taurus Management is a limited liability company formed in the State of New

Mexico.  Taurus Management is the other manager of Taurus Fund, and upon information and

belief, a trustee of Taurus Fund.

## FACTS

### I.      Debtor's Prolific Use of Shell Companies

13.      As the Court is well aware, the Debtor uses a seemingly inexhaustible stream of

shell companies, purportedly owned by family members or business subordinates, to shield his

assets and activities from creditors.  The Debtor's "shell game" has allowed him to continue to

deny ownership of his assets and refuse to pay his debts.

14.      For example, this Court has found, in its order holding the Debtor in contempt for

violating the Court's corporate governance order, that the Debtor was the beneficial owner of

Ace Decade Limited (and, through it, Dawn State Limited), and that the Debtor controlled and

employed Ace Decade Limited's nominee owner, Yvette Wang.[3]

---

[3]   *Order Granting Motion to Hold Debtor in Contempt of Corporate Governance Order*, ¶¶ 1, 4 (Jan. 24, 2023,
Docket No. 1372) ("Corp. Governance Contempt Order").

4

15.     Similarly, immediately prior to the filing of the Debtor's chapter 11 case in February 2022, in the Debtor's pre-petition litigation against PAX in New York state court, Justice Ostrager found that it was the Debtor's practice to use shell companies to shield his assets from creditors.[4]  Justice Ostrager also found that the Lady May yacht was beneficially owned and controlled by the Debtor, despite title to the yacht being nominally held by HK USA, purportedly owned by Mei Guo.

16.     Previously, Judge Liman of the United States District Court for the Southern District of New York found, in a 2021 decision, that Eastern Profit Corporation Limited, an entity originally owned by another of the Debtor's chauffeurs and then transferred to the Debtor's daughter, was "in essence, a shell corporation" for the Debtor.[5]  Eastern Profit Corporation Limited was one of numerous purportedly independent entities whose financial accounts were identified by a 2018 Hong Kong court order to be "subject to the effective control" of the Debtor.[6]

17.     Relatedly, a confidential witness declaration filed by the Trustee under seal at Docket No. 1327 (the "Confidential Witness Declaration") and incorporated by reference as an exhibit in support of this Complaint, establishes, among other things that:

---

[4]   Ex. 1, Decision & Order, at 1, *PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct. Feb. 9, 2022) [Docket No. 1181] (the "Final Contempt Decision").

[5]   *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*, No. 18-CV-2185 (LJL), 2021 WL 2554631, at *1 (S.D.N.Y. June 22, 2021).

[6]   Ex. 2, Hong Kong Restraint Order, at 7-18.

████████████████████████████████████████████

██████████████████████████

18.    Particularly relevant to this Complaint, this Court has found that the New Federal State of China (the "NFSC") and the GSeries Entities such as Gettr, GClubs, GNews, GFashion, GMusic, and GEdu (the "GSeries Entities")[7] are "led by the Debtor,"[8] "serve the purposes of the Debtor, serve as business vehicles for the Debtor, and their members are personally loyal to the Debtor."[9]

19.    Finally, and also particularly relevant to this Complaint, the Debtor has—until his recent arrest by the FBI—used this shell game to fund his extravagant lifestyle and luxury residences.  For example:

- Lamp Capital LLC and Golden Spring (New York) Ltd. (shell companies purportedly owned by the Debtor's son) have paid the Debtor's living expenses and legal fees;

- Bravo Luck Limited (another shell company purportedly owned by the Debtor's son and in which the Debtor had a direct ownership interest) has claimed beneficial ownership of the Debtor's $70 million luxury apartment at the Sherry Netherland Hotel;[10]

- Hong Kong International Investments (USA) Limited ("HK USA") (a shell company purportedly owned by the Debtor's daughter, Mei Guo, and recently

---

[7]    The Court also found that: "The G in GSeries stands for Guo." *Corrected Memorandum of Decision Granting in Part Motion for Preliminary Injunction* ¶¶ 2, 3 (Adv. Proc. No. 22-05032, Jan. 13, 2023) [Docket No. 133] (the "PI Decision") ("The GSeries includes the following entities: Himalaya Exchange, Gettr, GFashion, GMusic, GClubs, GNews, and GEdu.").

[8]    PI Decision, ¶ 7 ("The Debtor is the leader of The Whistleblower Movement, NFSC, ROLF, and Himalaya.").

[9]    *Id.* ("The Whistleblower Movement, NFSC, ROLF, GSeries, and Himalaya serve the purposes of the Debtor, serve as business vehicles for the Debtor, and their members are personally loyal to the Debtor.").

[10]    The Trustee has challenged Bravo Luck Limited's asserted interest in the Sherry Netherland apartment.  See Amended Adversary Complaint Against Bravo Luck and Qiang Guo Seeking (I) Invalidation of Purported Trust Agreement in Favor of Bravo Luck and, (II) in Alternative, Ruling that Debtor Effectuated Fraudulent Transfer in Favor of Bravo Luck and Qiang Guo Pursuant to Section 276 of New York Debtor and Creditor Law, Made Applicable by Section 544 of Bankruptcy Code (Adv. Proc. No. 22-05027, Feb. 28, 2023) [Docket No. 40].

ruled by this Court to be the Debtor's alter ego[11]) has held title to the Debtor's yacht, the *Lady May*—which the Court ruled was property of the estate despite HK USA's nominal ownership;

- Greenwich Land LLC (a shell company purportedly owned by the Debtor's wife) holds nominal title to the Debtor's Connecticut residence;[12]

- Anton Development Limited (a shell company originally owned by one of the Debtor's chauffeurs and then transferred to the Debtor's daughter) held title to a Bombardier Global XRS private jet; and

- HCHK Technologies, Inc. (another shell company purportedly owned by the Debtor's employees) has paid fees associated with the management of the Lady May and of the Debtor's Bombardier aircraft, and has paid nearly $2.8 million to purchase a new private plane for the Debtor.[13]

20.    In sum, while this Complaint focuses on the Mahwah Mansion and Taurus Fund, the Trustee believes that context regarding the Debtor's wide-ranging strategy of using shell companies to shield assets from creditors will assist the Court in understanding the Trustee's position.  The Trustee also expressly reserves all rights to pursue actions asserting claims against other entities at the appropriate time.

---

[11]    *See Memorandum of Decision and Order Granting Motion for Partial Summary Judgment on Second Counterclaim*, at 36 (Adv. Proc. No. 22-05003, May 18, 2023) [Docket No. 221].

[12]    The Trustee has sought an alter ego judgment against this entity in adversary proceeding 23-05005, in connection with which the Court entered a prejudgment remedy and temporary restraining orders against Greenwich Land LLC and the Debtor's wife.  *See Order Granting in Part Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction* (Adv. Proc. No. 23-05005, Mar. 28, 2023, Docket No. 14) (the "Greenwich TR &PI Order"); *Order Granting Chapter 11 Trustee's Amended Application for Ex Parte Prejudgment Remedy* (Adv. Proc. No. 23-05005, Mar. 28, 2023) [Docket No. 15] (the "Greenwich PR Order").

[13]    The Trustee has sought an alter ego judgment against HCHK Technologies, Inc., HCHK Property Management, Inc., and Lexington Property and Staffing, In. in adversary proceeding 23-05013, in connection with which the Court entered a temporary restraining order and preliminary injunction against this entity.  *See Order Granting in Part Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction* (Adv. Proc. No. 23-05013, June 12, 2023, Docket No. 18) (the "HCHK TR & PI Order").  *See also Complaint of Chapter 11 Trustee for Estate of Ho Wan Kwok Pursuant to Sections 105, 362, 363, 541, 542, 544 and 549 of the Bankruptcy Code Seeking (i) Declaratory Judgment that HCHK Technologies, Inc., HCHK Property Management, Inc., and Lexington Property And Staffing, Inc., Are (A) Alter Egos of Debtor; or, (B) in the Alternative, An Order that Debtor Equitably Owns Such Entities and/or Their Property; and (II) Injunctive Relief* (Adv. Proc. No. 23-05013, June 8, 2023) [Docket No. 1].

## II.    Nominal Ownership by Taurus Fund, Shell Company of Debtor

21.    On December 16, 2021 (the "Purchase Date"), Taurus Fund purchased the Mahwah Mansion from Crocker Mansion Estate LLC for approximately $26.5 million.[14]  The deed was recorded on the same date at Bergen County, New Jersey.[15]

22.    Taurus Fund was formed in Nevada on December 16, 2021, the same date as the Purchase Date.[16]

23.    Besides the Mahwah Mansion, Taurus Fund also holds title to a Bösendorfer grand piano designed by F.A. Porsche (the "Porsche Piano"), which is believed to be valued at over $250,000.  The Porsche Piano was previously located at the Debtor's GSeries offices at 3 Columbus Circle.  Upon information and belief, the Debtor's employees or agents have removed the piano and taken it to an unknown location.[17]  As of the time of this Complaint, while the Trustee's investigation is ongoing, other than the Mahwah Mansion and the Porsche Piano, the Trustee is not aware of any other assets held by Taurus Fund.[18]

24.    While its members remain unknown, Taurus Fund is managed by (i) the Debtor's chauffeur and/or bodyguard Scott Barnett and (ii) Taurus Management.[19]

25.    Scott Barnett is the Debtor's chauffeur and/or bodyguard, and as of the date of this Complaint, Barnett continues to be employed by and actively work for the Debtor.  In fact,

---

[14]   *See* Ex. 3, Deed of Mahwah Mansion.

[15]   *Id.*

[16]   *See* Ex. 4, Article of Organization of Taurus Fund LLC.

[17]   The Trustee has been advised by counsel for GNews, one of the GSeries entities controlled by the Debtor, that the Porsche Piano should be placed back in the Debtor's GSeries offices at 3 Columbus Circle, but the Trustee is not aware that this has been done.

[18]   To the extent that Taurus Fund has any other assets, they should also be incorporated into the Debtor's chapter 11 estate.

[19]   *See* Ex. 4, Article of Organization of Taurus Fund LLC.

8

on June 20, 2023, in an email to the Trustee, Aaron A. Romney, the Debtor's counsel, notified

the Trustee that "***Scott Barnett, who worked security for Mr. Kwok at the Sherry [Netherland],***

***will be picking up [certain] boxes***" from the Sherry Netherland containing the Debtor's and his

family members' clothes and personal effects.[20]  Barnett is also listed as a covered driver under

an insurance policy issued by AIG to Golden Spring (New York) Ltd.,[21] one of the Debtor's

many shell companies.[22]  Barnett has also been paid by at least two other shell companies,

Greenwich Land, LLC,[23] (which is purportedly owned by the Debtor's wife and which holds title

to the Debtor's residence in Greenwich, Connecticut),[24] and Lexington Property and Staffing,

Inc. ("Lexington Property")[25] (Lexington Property is 99.999% owned by Holy City Hong Kong

Ventures, Ltd., an entity itself 100% owned by the Debtor's assistant, Yvette Wang).[26]

26.     Taurus Fund's other listed manager, Taurus Management, was formed on

December 15, 2021, one day before the Purchase Date, as a limited liability company in the State

of New Mexico.[27]

---

[20]    *See* Ex. 5, Email from Aaron A. Romney to the Trustee, Stephen Kindseth and Eric Henzy (June 20, 2023 at 1:01 PM).

[21]    *See* Ex. 6, New York Automobile Declarations Page, by and between AIG Property Casualty Company and Golden Spring (New York) Ltd., for the policy period between Apr. 1, 2022 and Apr. 1, 2023).

[22]    As noted above, the Debtor has previously used his chauffeur and/or bodyguard to hold his shell companies.

[23]    *See* Ex. 7, Check to Scott Barnett from Greenwich Land, LLC, on February 2, 2021, for an amount of $619.99.

[24]    The Trustee has sought an alter ego judgment against this entity in adversary proceeding 23-05005, in connection with which the Court entered a prejudgment remedy and temporary restraining orders against Greenwich Land LLC and the Debtor's wife.  *See* Greenwich TR &PI Order; Greenwich PR Order.

[25]    *See* Ex. 8, Lexington Property Expenses by Vendor Summary, January – December 2021, Scott Barnett was paid $115.08 by Lexington Property.

[26]    The Trustee has sought an alter ego judgment against Lexington Property, HCHK Technologies, Inc., and HCHK Property Management, Inc. in adversary proceeding 23-05013, in connection with which the Court entered a temporary restraining order and preliminary injunction.  *See* HCHK TR & PI Order.

[27]    *See* Ex. 9, Articles of Organization of Taurus Management LLC.

9

27.     The publicly available formation documents for Taurus Management indicate that Taurus Management is a manager-managed LLC.  However, the documents do not identify a manager or member.[28]

28.     Despite being a New Mexico entity, Taurus Management shares the same address as Taurus Fund in Nevada at 6628 Sky Pointe Drive, Suite 129-1071, Las Vegas, NV 89131.[29]

29.     Taurus Fund has ignored its obligations under Nevada law to file with the Secretary of State an annual list containing information such as names, titles and addresses of all of its managers, as well as a signature of the manager or authorized representative.  It is, accordingly, marked as "in default" on the website maintained by the Nevada Secretary of State.[30]

30.     Taurus Fund has also failed to comply with New Jersey law.  Under New Jersey law, Taurus Fund's ownership of property in New Jersey requires it to register as a foreign business entity with the New Jersey Secretary of State.  However, a review of public records indicates that no such filing has been made.

## III.    Scott Barnett and Taurus Management Became Trustees of Taurus Fund

31.     Under Nev. Rev. Stat. Ann. § 86.263(2), Taurus Fund's annual list of information was due on December 31, 2022.  Because it failed to timely file the list, Taurus Fund is deemed in default under Nevada law.

---

[28]    *Id*.

[29]    *Id*.

[30]    *See* Ex. 10, Taurus Fund LLC, Secretary of State of Nevada, Entity Search, https://esos nv.gov/EntitySearch/BusinessInformation.

32.     On January 1, 2023, pursuant to Nev. Rev. Stat. Ann. § 86.274(2), Taurus Fund's

company charter was revoked by the Nevada Secretary of State, and its right to transact business

forfeited.

33.     Upon revocation of Taurus Fund's charter and forfeiture of its right to transact

business, under Nev. Rev. Stat. Ann. § 86.274(5), all of the property and assets of Taurus Fund,

including the Mahwah Mansion, are required to be held in trust by its managers—namely Scott

Barnett and Taurus Management—and the same proceedings may be had with respect to its

property and assets as those apply to the dissolution of a limited liability company pursuant to

Nev. Rev. Stat. Ann. §§ 86.505 and 86.521.

34.     Upon information and belief, as of the date of this Complaint, Taurus Fund has

not applied to reinstate its charter, and remains in default.

35.     Upon information and belief, as of the date of this Complaint, Scott Barnett and

Taurus Management remain as trustees of Taurus Fund and hold the Mahwah Mansion and all

other assets of Taurus Fund in trust under Nevada law.

## IV.    Debtor Equitably Owns Mahwah Mansion

36.     Although Taurus Fund held nominal title to the Mahwah Mansion, the Debtor had

full beneficial ownership and control over the property until his arrest on March 15, 2023.  As of

the date of this Complaint, the Debtor has been denied bail and remains in federal custody.

37.     The Debtor's residence at, and his equitable ownership of, the Mahwah Mansion

was revealed in the criminal indictment against him containing multiple charges of securities

fraud, wire fraud, and money laundering (the "Criminal Indictment").[31]  The Criminal Indictment identified the Mahwah Mansion as one of the Debtor's luxury residences in the United States, along with his apartment at the Sherry-Netherland and his residence in Greenwich, Connecticut.

38.     ***In fact, a "public records" search under the Debtor's name lists the Mahwah Mansion as the Debtor's personal address***.[32]

A.     **Debtor Made Decision to Purchase Mahwah Mansion**

39.     Constructed in 1907, the castle-styled Mahwah Mansion, located within 25 miles of New York City, is described as one of the world's most magnificent and rare estates.  The mansion has 21 bedrooms, more than 19 bathrooms, a great hall, library, tea room, formal dining room, restaurant-style kitchen, movie theater, billiard room, indoor lap pool with spa, massage room, wine room, game room, gym, outdoor pool with cabana, majestic gardens with two fountains, tennis court, 8-car garage, and rare wood, stone work and craftsmanship throughout the castle.[33]  Additionally, the Mahwah Mansion has its own Wikipedia page and was listed on the National Register of Historic Places in 1997.[34]

40.     The grandeur and lavishness of the Mahwah Mansion is consistent with the Debtor's preference for extravagant residences, just like the $70 million Sherry Netherland apartment and the Debtor's multi-million dollar residence in Connecticut.

---

[31]  *See* Criminal Indictment of Ho Wan Kwok and Kin Ming Je, *United States v. Kwok et al.*, 23 Cr. 118, filed Mar. 6, 2023 [ECF No. 2].  A copy of the Criminal Indictment is attached as **Exhibit 11** hereto.

[32]  *See* Ex. 25, Lexis Public Record Comprehensive Person Report (listing Mahwah Mansion as the Debtor's address).

[33]  *See* 675 Ramapo Valley Road, Mahwah, New Jersey 07430, United States, CHRISTIE'S INTERNATIONAL REAL ESTATE GROUP, https://www.christiesrealestate.com/nnj/sold/detail/607-l-82287-f444400735/mahwah-nj-07430 (last visited July 6, 2023) (describing grandeur and lavish amenities of the Mahwah Mansion).

[34]  *See* Crocker-McMillin Mansion, WIKIPEDIA, https://en.wikipedia.org/wiki/Crocker-McMillin_Mansion (last visited July 6, 2023).

41.     On April 12, 2023, the NFSC, which, as this Court has found, is controlled by the Debtor and serves the purposes of the Debtor,[35] released a video on Gettr featuring a tour of the Mahwah Mansion hosted by Pamela Tsai, a/k/a Nicole ("Tsai")[36] and Qidong Xia, a/k/a Changdao Brother, or David Xia ("Xia") (the "First Video Tour").[37] Xia is currently the Secretary General of the NFSC and Chairman of the Rule of Law Society and a person with whom the Debtor remains in contact.[38] For example, on April 17, 2023, during a Gettr live stream by Tsai, Roy Guo,[39] and Xia, the Debtor allegedly made a fifteen-minute phone call to

---

[35] PI Decision ¶7 ("The Whistleblower Movement, NFSC, ROLF, GSeries, and Himalaya serve the purposes of the Debtor, serve as business vehicles for the Debtor, and their members are personally loyal to the Debtor.").

[36] This Court has found that Tsai is an associate of the Debtor and is associated with The Whistleblower Movement, NFSC, GSeries, Himalaya and/or ROLF. *See* PI Decision ¶¶ 11-15. The Court also found that Tsai actively participated in the protest campaign against the Trustee both outside of the Trustee's residence and at the entrance of Paul Hastings' office at Grand Central Terminal in New York, which were enjoined by this Court pursuant to the Court's *Order Granting In Part Motion for Preliminary Injunction* (Adv. Pro. No. 22-05032, Jan. 11, 2023) [Docket No. 129] (the "PAX PI Order"). Tsai also appeared in videos reposted by the Debtor on November 16 and 18, 2022, which were designed to threaten and harass the Trustee and his family members by identifying their names and employers and making baseless and outrageous attacks and comments. *See Motion for An Order (I) Preliminarily Enjoining the Debtor from Publishing Personal Information About Certain Parties and Their Relatives Online, (II) Directing the Debtor to Remove Any Such Existing Posts, (III) Granting A Temporary Restraining Order in the Event that the Court Orders a Hearing on This Motion; and (IV) Referring the Debtor's Conduct to the US Attorney's Office for the District of Connecticut* ¶¶ 27-28 (Adv. Pro. No. 22-05032, Nov. 22, 2022) [Docket No. 3] (the "PAX TRO Motion").

[37] *See* NFSCTV (@chinatruth2022), *Nicole Looks at Brother Seven*, GETTR (Apr. 12, 2023), https://gettr.com/streaming/p2e8f16c734 (last visited July 6, 2023). Contemporaneously with the filing of this Complaint, counsel for the Trustee has provided the Court with a flash-drive containing copies of each of the videos quoted in this Complaint (the "Video Flash-Drive"), with a translation prepared by counsel of the relevant segment of such videos. The translated copy of the video referenced in this footnote is included in the Video Flash-Drive and is incorporated as **Exhibit 12** hereto.

[38] *See, e.g.*, NFSCTV (@chinatruth2022), GETTR (June 5, 2023), https://gettr.com/post/p2ivret0048 (last visited July 6, 2023), identifying David Xia as the Secretary General of NFSC and Chairman of the Rule of Law Society.

[39] This Court has found that Roy Guo is an associate of the Debtor and is associated with The Whistleblower Movement, NFSC, GSeries, Himalaya and/or ROLF. *See* PI Decision ¶¶ 11-15. The Court also found that Roy Guo actively participated in the protest campaign against the Trustee both outside of the Trustee's residence and at the entrance of Paul Hastings' office at Grand Central Terminal in New York, which were enjoined by this Court pursuant to the Court's PAX PI Order.

Xia while in federal custody.[40]  Pursuant to the phone call, the Debtor urged his followers to follow the lead of Xia.[41]

42.     During the First Video Tour, Xia and Tsai stated that the Debtor had the idea of buying a property in around 2020 and 2021; that the Debtor visited various properties in 2021; that the Debtor picked the Mahwah Mansion himself; that the Debtor decided to buy the Mahwah Mansion at the end of 2021; and that the Debtor instructed that everything related to the Mahwah Mansion be done in secrecy.[42]

43.     In sum, the Debtor decided to purchase the Mahwah Mansion on December 16, 2021, two months prior to the Debtor's voluntary filing of chapter 11 petition on February 15, 2022.  He also decided to hide his purchase and equitable ownership of the Mahwah Mansion (which, unsurprisingly, is not listed on the Debtor's schedules of assets and liabilities), which would have remained hidden if not for the Criminal Indictment by the U.S. government on March 15, 2023.[43]

---

[40]   *See* NFSCTV (@chinatruth2022), *Nicole Looks at Brother Seven*, GETTR (Apr. 17, 2023), https://gettr.com/streaming/p2enhu9b038 (last visited July 6, 2023) at 45:48-46:05 (video containing the Debtor's alleged phone call to his business associates where the Debtor asked his followers to "follow the arrangement of Changdao Brother") (Changdao Brother is Xia's nickname).  The translated copy of the video referenced in this footnote is included in the Video Flash-Drive and is incorporated as **Exhibit 13** hereto.

[41]   *Id.*

[42]   *See* Ex. 12, First Video Tour, https://gettr.com/streaming/p2e8f16c734 (last visited July 6, 2023) [video showing Xia and Tsai touring the Mahwah Mansion ], *e.g.*, at 2:10-2:20, 3:40-3:50, 6:25-6:30, 10:00-10:25, 14:20-14:25, 26:30-26:45, 28:55-29:40, 31:30-31:50, 32:41-33:48.

[43]   The Trustee and the Department of Justice are working on a stipulation to resolve their potential competing claims to the proceeds of an eventual sale of the Mahwah Mansion (*i.e.*, whether the proceeds should be distributed to victims/creditors through the chapter 11 process or pursuant to the forfeiture process in connection with the criminal charges against the Debtor).  The Trustee expects to present a stipulation to the Court in the near future.

### B.    Debtor Financed Purchase of and Renovation to Mahwah Mansion

44.    Despite Taurus Fund's nominal title to the Mahwah Mansion, the Debtor directed

and was personally involved in the purchase of and renovations to the mansion, using money that

was under his control.  Specifically, according to the Criminal Indictment, the Debtor "used

fraudulently-obtained victim money to purchase, fund, or finance a $26.5 million purchase of

[the Mahwah Mansion] for [the Debtor] and his family."[44]

45.    The Criminal Indictment also explained that the funds used to purchase the

Mahwah Mansion were funneled through other shell companies.  Specifically, in or around

November 2022, shortly before the Debtor's voluntary chapter 11 filing, the Debtor, acting

through his co-defendant and alleged co-conspirator, William Je ("Je"),[45] directed the funneling

of funds from G Club Operations, LLC ("G-Club") through bank accounts in other entities'

names toward the purchase of the Mahwah Mansion[46] for the use and benefit of the Debtor, his

wife (Hing Chi Ngok), his daughter (Mei Guo), and his son (Qiang Guo).[47]

46.    Based on the Trustee's investigation, Je, referred to by Mei Guo as "uncle

William," and who is currently on the run from law enforcement, is a trusted family friend and

---

[44]    *See* Ex. 11, Criminal Indictment ¶ 4; *see also* Ex. 14, Order Denying Kwok's Motion for Release Pending Trial, at 3, *United States v. Kwok*, 23 Cr. 118-1 (AT) (S.D.N.Y. Apr. 20, 2023) [Docket No. No. 51] (noting that "[t]he majority of funds raised through the membership organization were used to pay [the Debtor's] and his family's personal expenses, and purchase high-priced goods and real property, such as [the Debtor's] mansion in New Jersey."

[45]    The Government believes that William Je remains at large and is believed to be in the UAE. *See Memorandum of Law of the United States of America in Opposition to Defendant Yanping Wang's Motion for Pretrial Release* (the "USAO Memorandum"), at 4, attached as Exhibit B in the *Reply of Chapter 11 Trustee to G Club Operations LLC's Supplemental Objection to Trustee's Motion to Compel and Request for Related Relief* (the "G-Club Reply") (June 23, 2023) [Main Case Docket No. 1934].

[46]    Ex. 11, Criminal Indictment ¶ 15b.

[47]    *See* Ex. 15, Complaint ¶ 104(b), *S.E.C. v. Kwok*, 23 Civ. 2200 (PGG) (S.D.N.Y. Mar. 15, 2023) [Docket No.1] ("SEC Complaint").

financial advisor of the Debtor.  Je has been closely involved with the Debtor's real estate

purchases, previously having been involved in the consideration of multiple potential property

purchases by the Debtor.  Je also arranged, under the Debtor's instructions, a transfer of $37

million to be held in escrow as a purported "loan" to cover the cost of the Lady May.  As this

Court has already found, both the Lady May and the $37 million escrow funds constituted and

constitute, as applicable, property of the Debtor's chapter 11 estate [Adv. P. No. 22-05003, ECF

No. 221].

47.      The Debtor not only funded the purchase of the Mahwah Mansion, he also funded

significant improvements to the property.  Between December 2021 and March 2022, he

arranged for an additional $13 million to be transferred to an escrow account to pay for

extravagant furnishings for, and renovations to, the Mahwah Mansion.  These extensive

expenditures include a wing for his son and daughter each, as well as various furniture and

decorative items, such as Chinese and Persian rugs worth approximately $978,000, a $62,000

television, a $53,000 fireplace log cradle holder, a $59,000 watch storage box, and a $35,000

mattress.[48]

48.      In the First Video Tour, while touring the dining room of the Mahwah Mansion,

Tsai commented on the various delicate pieces of Chinese calligraphy and paintings, which were

"selected by Mr. Kwok himself."[49]  Xia particularly emphasized that there are many pieces of

important antiques in the Mahwah Mansion, which were purportedly "donated by [the Debtor's]

---

[48]   *See* Ex. 15, SEC Complaint ¶ 104(c).  *See also* Ex. 11, Criminal Indictment ¶ 15(c).

[49]   *See* Ex. 12, First Video Tour, at 26:00-26:20.

16

family fund,"[50] that these antiques are "worth way more than the house itself,"[51] and that only the Debtor knows and is able to tell the story behind each antique.[52]  Upon information and belief, any funds from the Debtor's family fund are the Debtor's funds.

49.     These statements were repeated in another video tour of the Mahwah Mansion, given by Xia and Tsai on April 15, 2023 (the "Second Video Tour," and together with the First Video Tour, the "Video Tours").[53]

### C.     Debtor Resides at Mahwah Mansion

50.     Together with his apartment at the Sherry-Netherland Hotel and his residence in Greenwich, Connecticut, the Mahwah Mansion is one of at least three luxury residences owned by the Debtor in the United States.[54]

51.     During the search of the Mahwah Mansion, the Federal Bureau of Investigation (the "FBI") found a number of the Debtor's personal effects, including (i) prescription medication in his name,[55] (ii) an international driving permit and New York's learner's permit, both issued to the Debtor,[56] (iii) family pictures,[57] (iv) a certificate of authenticity for a Ferrari

---

[50]  *Id.*, at 33:08-33:25.

[51]  *Id*., at 33:25-33:29, 33:48-33:56.

[52]  *Id.*, at 33:29-33:33.

[53]  *See* NFSCTV (@chinatruth2022), *Nicole Looks at Brother Seven*, Gettr (Apr. 15, 2023), https://gettr.com/streaming/p2ehu86252d (last visited July 6, 2023), *e.g.*, at 21:55-22:20, 33:05-33:30, 35:20-35:35, 40:00-40:23.  The translated copy of the video referenced in this footnote is included in the Video Flash-Drive and is incorporated as **Exhibit 16** hereto.

[54]  *See* Ex. 17, USA Response in Opposition as to Wang's Motion for Bond, at 3, *United States v. Yanping Wang,* 23 Mag. 2007 (UA) (S.D.N.Y. Mar. 29, 2023 [Docket No. 10].

[55]  A picture taken by law enforcement of the medication (with personally identifiable information redacted) is attached as **Exhibit 18** hereto.

[56]  A picture taken by law enforcement of the driver's license (with personally identifiable information redacted) is attached as **Exhibit 19** hereto.

[57]  A picture taken by law enforcement of these family pictures is attached as **Exhibit 20** hereto.

automobile, addressed to the Debtor,[58] and (iv) in what appears to be the Debtor's personal dressing room, "approximately 30 Brioni custom-made suits, each of which bore the hand-stitched words 'Brioni for Miles Kwok' inside the jackets," [59]

52.    Besides personal items and luxury furniture and goods, the FBI also found inside the mansion a safe, located in a closet that was attached to what appears to be the Debtor's personal dressing room, containing "approximately $394,000, €5000, HK$188,050, and [RMB] 250 in cash, and approximately 156 gold coins (alongside a receipt, which indicated that the coins were valued at approximately $109,555)."[60]

53.    The FBI also recovered from the Mahwah Mansion evidence of the Debtor's foreign travel documents, including a copy of the Debtor's expired United Arab Emirates passport, as well as 10 computers or laptops, 16 external media storage devices (USB and hard drives), nine cellphones and a cell scrambler,[61] which the Debtor uses.[62]

54.    Prior to the Debtor's arrest on March 15, 2023, the Debtor had frequently conducted live streaming on social media platforms, including Gettr, from the Mahwah Mansion. Between January 11, 2023 and February 19, 2023, the Debtor held at least 11 live broadcast

---

[58]    A picture taken by law enforcement of the certificate is attached as **Exhibit 21** hereto.

[59]    *See* Ex. 22, USA Letter in Opposition to Brief in Support of Pretrial Release by Kwok, at 3, *United States v. Kwok*, S1 23 Cr. 118 (AT) (S.D.N.Y. Apr. 3, 2023) [Docket No. 26].  A picture taken by law enforcement of these custom suits is attached as **Exhibit 23** hereto.

[60]    Ex. 17, *id.*

[61]    Ex. 17, *id.* (noting in footnote 2 that a cellphone scrambler is an external device that attaches to a cellphone and is designed to defeat government wiretaps and other eavesdropping technologies by converting voice into non-interpretable analog noises for transmission over the phone network).

[62]    Ex. 17, *id.*, at 14 ("The defendant uses dozens of different cellphones and cellphone scramblers").

sessions using his personal account at Gettr, @milesguo, in the Mahwah Mansion on January

11,[63] 15, [64] 22,[65] 23,[66] and 29,[67] and on February 1,[68] 8,[69] 12,[70] 15,[71] 16,[72] and 19.[73]

### D. Debtor Made Mahwah Mansion Available to His Associates

55. Upon information and belief, in April 2023, following the Debtor's arrest and the

disclosure of the Mahwah Mansion in the Criminal Indictment, in an effort to continue to shield

valuable assets from his creditors, the Debtor directed his associates to claim the Mahwah

Mansion as the new base of the NFSC.

56. On April 9, 2023, the NFSC held an event at the Mahwah Mansion, during which

allegedly 500 followers went into the mansion and livestreamed their speeches on various

internet platforms, including Gettr.[74]

---

[63] *See* GNews (@milesguo), GETTR (Jan. 11, 2023),
https://gettr.com/live/milesguo?v=63bed46fc44fd9002eb34d8d.

[64] *See* GNews (@milesguo), GETTR (Jan. 15, 2023), https://gettr.com/streaming/p254ul5e418.

[65] *See* GNews (@milesguo), GETTR (Jan. 22, 2023), https://gettr.com/streaming/p25vkoyb00f.

[66] *See* GNews (@milesguo), GETTR (Jan. 23, 2023), https://gettr.com/streaming/p262fuwceb5.

[67] *See* GNews (@milesguo), GETTR (Jan. 29, 2023), https://gettr.com/streaming/p26ogg2bb78.

[68] *See* GNews (@milesguo), GETTR (Feb. 1, 2023), https://gettr.com/streaming/p271nur051e.

[69] *See* GNews (@milesguo), GETTR (Feb. 8, 2023), https://gettr.com/streaming/p27p5sp65ca.

[70] *See* GNews (@milesguo), GETTR (Feb. 12, 2023), https://gettr.com/streaming/p283fx773af.

[71] *See* GNews (@milesguo), GETTR (Feb. 15, 2023),https://gettr.com/streaming/p28ebpn47e0.

[72] *See* GNews (@milesguo), GETTR (Feb. 16, 2023), https://gettr.com/streaming/p28hzzn1a30.

[73] *See* GNews (@milesguo), GETTR (Feb. 19, 2023), https://gettr.com/streaming/p28sypo9110.

[74] *See* NFSCTV (@chinatruth2022), GETTR (Apr. 9, 2023), https://gettr.com/streaming/p2dxtede413 (last visited
July 6, 2023) (full livestreaming video of approximately 3.5 hours showing followers lining up to enter the
Mahwah Mansion and making speeches in the mansion).

57.     As the Court previously found, NFSC and Gettr "serve the purposes of the Debtor, serve as business vehicles for the Debtor, and their members are personally loyal to the Debtor."[75]

58.     Videos were also posted on the NFSC official homepage, showing followers entering and giving speeches in the Mahwah Mansion.[76]  In particular, the videos include captions transcribing statements of the NFSC followers after seeing the mansion, including that "*[the Debtor] has prepared a base for the NFSC members*,"[77] that "*everything [the Debtor] has prepared for the fellow fighters [at the Mahwah Mansion] is the best*,"[78] and that they wanted to "*leave their marks in the room where [the Debtor] used to live broadcast*."[79]

59.     Since April 9, 2023, Xia and other NFSC members have begun to conduct their affairs from an office in the Mahwah Mansion.[80]

---

[75]  PI Decision ¶ 7 ("The Whistleblower Movement, NFSC, ROLF, GSeries, and Himalaya serve the purposes of the Debtor, serve as business vehicles for the Debtor, and their members are personally loyal to the Debtor.").

[76]  *See NFSC Fellow Fighter Feels that the Air at the NFSC Base is Sweet,* NEW FEDERAL STATE OF CHINA (Apr. 12, 2023), https://nfscofficial.com/2023/04/12/nfsc-fellow-fighter-feels-that-the-air-at-the-nfsc-base-is-sweet/ (last visited July 6, 2023) (including livestream videos of followers entering the Mahwah Mansion on April 9, 2023).

[77]  *Id.*

[78]  *See Everything Mr. Miles Guo has Prepared for the Fellow Fighters in the NFSC Base is the Best*, NEW FEDERAL STATE OF CHINA (Apr. 19, 2023), https://nfscofficial.com/2023/04/19/everything-mr-miles-guo-has-prepared-for-the-fellow-fighters-in-the-nfsc-base-is-the-best/ (last visited July 6, 2023) (video showing followers making speech inside the Mahwah Mansion and title of the video is "Everything Mr. Miles Guo Has Prepared For the Follow Fighters In the NFSC Base Is The Best").

[79]  *See Fellow Fighters are Excited to Leave their Footprints on the Base of the NFSC*, NEW FEDERAL STATE OF CHINA (Apr. 16, 2023), https://nfscofficial.com/2023/04/16/fellow-fighters-are-excited-to-leave-their-footprints-on-the-base-of-the-nfsc/ (last visited July 6, 2023) (video showing followers making speech in the Mahwah Mansion with the caption stating that followers "think the mansion is very luxurious.").

[80]  *See* Ex. 16, Second Video Tour, at 2:05-2:30 (showing Xia sitting in the Mahwah Mansion office).

60.     On April 12, 2023, in the First Video Tour,[81] Xia noted that the Mahwah Mansion was also designated by the Debtor to be a premium lounge for G-Club members and place to hold conferences for various Himalaya organizations and the Farms.[82]

61.     As this Court knows, the G-Club and Himalaya are entities that (like the NFSC) "serve the purposes of the Debtor, serve as business vehicles for the Debtor, and their members are personally loyal to the Debtor."[83]

62.     As noted above, on April 17, 2023, in a livestreaming on Gettr by the Debtor's associates, Tsai, Roy Guo, and Xia (currently the Secretary General of the NFSC and Chairman of the Rule of Law Society), the Debtor allegedly made a 15-minute phone call to Xia while in federal custody.[84]  Pursuant to the phone call, the Debtor urged his followers to follow the lead of Xia.[85]

63.     Upon information and belief, the Debtor directed Xia to take residence at the Mahwah Mansion in an attempt to maintain control of it, while continuing to shield valuable assets from his creditors.

---

[81]   *See* Ex. 12, First Video Tour, at 6:35-7:00.

[82]   The Trustee is aware of no evidence that this was anything more than empty promises, consistent with the other GClub promises the Debtor employed as part of the fraud alleged against him.

[83]   PI Decision ¶ 7 ("The Whistleblower Movement, NFSC, ROLF, GSeries, and Himalaya serve the purposes of the Debtor, serve as business vehicles for the Debtor, and their members are personally loyal to the Debtor.").

[84]   *See* Ex 13, NFSCTV (@chinatruth2022), *Nicole Looks at Brother Seven*, GETTR (Apr. 17, 2023), https://gettr.com/streaming/p2enhu9b038 (last visited July 6, 2023) at 45:48-46:05 (video containing the Debtor's alleged phone call to his business associates where the Debtor says "follow the arrangement of Changdao Brother") (Changdao Brother is Xia's nickname).

[85]   *Id.*

64.     On May 5, 2023, Xia led a small group of the Debtor's associates to meet with U.S. Rep. George Santos[86] at the Mahwah Mansion, which was livestreamed on Gettr.[87]

65.     On May 19, 2023, in relation to a lawsuit *SEC v. Mountains of Spices et al.*, counsel for Mountains of Spices ("MOS"), William J. Quinlan, filed a letter, confirming, among other things, that Xia has resided at the Mahwah Mansion because he and others have been removed by the Government from NFSC's former offices.[88]

66.     On June 4, 2023, the NFSC held a gathering of more 100 guests at the Mahwah Mansion to celebrate its third anniversary, with more than 10 leaders of various Himalaya Farms present.[89]    The event was livestreamed on Gettr.    As this Court has found, Himalaya Farms are affiliated Himalaya entities, which are controlled by the Debtor.[90]    One farm leader commented

---

[86]     Eleven days later, on May 16, 2023, Rep. Santos spoke on the floor of the House characterizing the Debtor as a "harmless political target" and calling on (among others) the DOJ to "free Miles Guo."  *See* https://www.congress.gov/congressional-record/volume-169/issue-82/house-section/article/H2358-1 (last visited July 6, 2023).

[87]     *See, e.g.*, NFSCTV (@chinatruth2022), GETTR (May 5, 2023), https://gettr.com/post/p2g9qpt94c0 (last visited July 6, 2023) (showing the livestreaming of George Santos' visit to the Mahwah Mansion); *see also* NFSCTV (@chinatruth2022), GETTR (May 5, 2023), https://gettr.com/post/p2g9rwre9f6 (last visited July 6, 2023) (cover photo of the video shows Xia and Santos in the hall of Mahwah Mansion); *Congressman George Santos, visited the homebase of the New Federal State of China*, GNEWS (May 5, 2023 15:02:28), https://gnews.org/m/1278280?biz=75865469&eu=54367966&t=oiylYIS&gref= (article posted by Gnews discussing Santos visit to the Mahwah Mansion)..

[88]     *See* Ex. 24. MOS Letter in Response to DOJ's Objection to Lift Stay on MOS, at 2, *S.E.C. v. Mountains of Spices,* No. 1:23-cv-02200-PGG (S.D.N.Y. May 19, 2023) [Docket No. 49] ("Whether the 'leader of MOS' has streamed videos in a New Jersey residence is not relevant, and, regardless, he has only resided there because, on information and belief, the Government had a receiver appointed that removed the movement from its prior offices.").

[89]     *See* NFSCTV (@chinatruth2022), GETTR (June 4, 2023), https://gettr.com/streaming/p2isujs2847 (last visited July 6, 2023) (full streaming of the NFSC event at the Mahwah Mansion).

[90]     PI Decision ¶¶ 4, 7 ("NFSC is associated, affiliated, and/or connected with the Himalaya Global Alliance (together with affiliated Himalaya entities, such as Himalaya Exchange and Himalaya Farms, 'Himalaya')) ("The Debtor is the leader of The Whistleblower Movement, NFSC, ROLF, and Himalaya. The Whistleblower Movement, NFSC, ROLF, and Himalaya serve the purposes of the Debtor, serve as business vehicles for the Debtor, and their members are personally loyal to the Debtor").

on the lavishness of the Mahwah Mansion, stating that "what [the Debtor] has arranged for us is purely touching."[91]

67.     Abundant evidence demonstrates that, despite being nominally owned by Taurus Fund, even since his arrest the Debtor continues to utilize the Mahwah Mansion for his own benefit, including by making it available for the NFSC, G-Club and Himalaya, which the Court has already determined are used by the Debtor for his own purposes.

### First Claim

**(Declaratory Judgment that Debtor Is Equitable Owner of Mahwah Mansion and Ordering Turnover of Mahwah Mansion and Fixtures and Personal Property in Mahwah Mansion to Trustee)**

68.     The Trustee repeats and realleges the allegations contained in paragraphs 1-67.

69.     New Jersey law applies to the equitable ownership claim, because the Mahwah Mansion is located in New Jersey.[92]

70.     Courts have found that a debtor had an equitable interest in property upon one or more of the following grounds: (1) the debtor's funds were used to acquire the property; (2) the debtor represented that he had an interest in the property or used the property to obtain credit; or (3) they involved property that was once owned by the debtor and then transferred to a third party (usually in the face of creditor pressure).[93]  A court applying New Jersey's equitable ownership law has also found a debtor to be the equitable owner of property based on the

---

[91]   *See* NFSCTC (@chinatruth2022), GETTR (June 4, 2023), https://gettr.com/streaming/p2isujs2847, at 5:19:10 – 5:19:50 (last visited July 6, 2023) (full streaming of the NFSC event at the Mahwah Mansion).

[92]   *See Kartzman v. Beiman (In re Beiman)*, No. 15-10488 (JKS), 2018 WL 6978705, *3 (Bankr. D. N. J. Mar.19, 2018) (providing that in bankruptcy cases, state law generally determines what interest, if any, a debtor has in property) (citing *O'Dowd v. Trueger (In re O'Dowd)*, 233 F.3d 197, 202 (3d Cir. 2000); *see also Butner v. United States*, 440 U.S. 48, 55 (1979) (noting that property interests are created and defined by state law).

[93]   *In re Beiman*, at *4 (Bankr. D. N. J. Mar.19, 2018).

patterns and practices of the debtor's fraudulent behaviors, where the debtor, funding the purchase of properties, placed title to the properties in the name of third parties while maintaining *de facto* control and ownership.[94]

71.    As detailed above, the Mahwah Mansion is equitably owned by the Debtor. Among other things, the Debtor financed the purchase of and renovations to the Mahwah Mansion, resided there, and held it in a shell company managed by his chauffeur and/or bodyguard.  Public record also shows that the Debtor's address is at the Mahwah Mansion.  Even after his arrest and incarceration, the Debtor has continued to benefit from the property by using it as a base of operations for the NFSC, which, as the Court has already found, is under the Debtor's control.  Moreover, it is consistent with the Debtor's pattern and practice to have a shell company purchase and hold title to the Debtor's luxury residences, including without limitation, his apartment at the Sherry-Netherland and his residence in Greenwich, Connecticut.

72.    To the extent Taurus Fund held title to the Mahwah Mansion, it did so in name only, with the Debtor acting at all times as the mansion's true beneficial owner.

73.    Because the Mahwah Mansion was equitably owned by the Debtor, it is property of the Debtor's chapter 11 estate.[95]  Based on these facts and circumstances, the Trustee seeks a ruling pursuant to sections 541, 542, and 544 of the Bankruptcy Code (i) declaring that the Mahwah Mansion constitutes property of the Debtor's chapter 11 estate to be administered by

---

[94]    *In re NJ Affordable Homes Corp.*, No. 05-60442 (DHS), 2006 WL 2128624, *8 (Bankr. D.N.J. June 29, 2006) (holding that the mere fact that title to a property is in the name of a third party does not mean that the debtor does not have an equitable interest in the property, however speculative that interest may be, to make it property of the bankruptcy estate).

[95]    To the extent that the Porsche Piano is not currently in the Mahwah Mansion, the Trustee requests its turnover wherever it may be.

the Trustee and (ii) ordering Taurus Fund (and/or Scott Barnett and Taurus Management, as trustees of Taurus Fund) to surrender the Mahwah Mansion and the fixtures and personal property in the Mahwah Mansion to the Trustee.

## **Second Claim**

### **(Declaratory Judgment that Debtor is Equitable Owner of Taurus Fund and Ordering Turnover of Taurus Fund and Its Assets to Trustee)**

74.     The Trustee repeats and realleges the allegations contained in paragraphs 1-67.

75.     Nevada law applies to the equitable ownership claim because Taurus fund is a Nevada entity.[96]

76.     A court applying Nevada's equitable ownership analysis to the Debtor's relationship to Taurus Fund will focus on (1) whether the Debtor has active or substantial control of Taurus Fund, and (2) whether the Debtor is using and receiving benefits of Taurus Fund's assets.[97]

77.     The Debtor is the equitable owner of Taurus Fund.  First, the Debtor has active and substantial control over Taurus Fund, because, among other reasons:

    a.  Taurus Fund was managed by the Debtor's chauffeur and/or bodyguard and another shell company under the Debtor's control;

    b.  Taurus Fund has not followed any corporate formalities, including compliance with the business organization disclosure and registration laws of Nevada and New Jersey;

    c.  Taurus Fund's purchase of the Mahwah Mansion, was funded by money controlled by the Debtor; and

---

[96]     *See United States v. 74.05 Acres*, 428 F. Supp. 2d 57, 61 (D. Conn. 2006) ("Ownership interests are defined by the law of the State in which the interest arose.").

[97]     *See In re Twin Lakes Vill., Inc.*, 2 B.R. 532 (Bankr. D. Nev. 1980).

      d.   The Porsche Piano owned by Taurus Fund was located in the offices of the GSeries entities, which, as this Court has found, were controlled by the Debtor.

78.     Second, the Debtor uses Taurus Fund's asset—the Mahwah Mansion—as his residence, public record lists the Mahwah Mansion as the Debtor's address, and Taurus Fund uses money funded and controlled by the Debtor to pay the Debtor's expenses in connection with such residence, including for construction and maintenance.

79.     Because Taurus Fund was equitably owned by the Debtor (prior to the revocation of its charter under Nevada law), the ownership and corporate control rights over Taurus Fund and the assets of Taurus Fund were, following the Petition Date, property of the Debtor's chapter 11 estate.

80.     Accordingly, the Trustee seeks a ruling pursuant to section 541, 542, and 544 of the Bankruptcy Code, (1) declaring that: (a) at all times the Debtor has been the equitable owner of Taurus Fund; (b) any and all assets held by Taurus Fund at any time prior to the Debtor's petition date of February 15, 2022 constituted property of the Debtor; and (c) any and all assets held by Taurus Fund at any time from the date of the Debtor's February 15, 2022 chapter 11 petition to the present constituted and constitute, as applicable, property of the Debtor's chapter 11 estate; and (2) ordering the turnover of Taurus Fund and any and all of Taurus Fund's assets to the Trustee.

## **Third Claim**

### **(Declaratory Judgment, in the Alternative, that Taurus Fund is Debtor's Alter Ego and Ordering Turnover of Taurus Fund and Its Assets to Trustee)**

81.     The Trustee repeats and realleges the allegations contained in paragraphs 1-67.

82.     Nevada law applies to the alter ego/veil piercing claim because Taurus Fund is a Nevada entity.[98]

83.     Under Nevada law, a court applying Nevada's alter ego analysis to the Debtor's relationship to Taurus Fund will focus on: (1) whether Taurus Fund is influenced and governed by the Debtor; (2) whether there is a unity of interest and ownership that Taurus Fund is inseparable from the Debtor; and (3) whether adherence to the corporate fiction of a separate entity would, under the circumstances, sanction fraud or promote injustice.[99]  Factors that may indicate an alter-ego relationship include: (1) commingling of funds: (2) undercapitalization; (3) unauthorized diversion of funds; (4) treatment of corporate assets as the individual's own; and (5) failure to observe corporate formalities.[100]

84.     The Debtor had influence and exercised control over Taurus Fund such that Taurus Fund had no independent existence from the Debtor, and the Debtor used Taurus Fund's corporate form to perpetrate a fraud and injustice.  Taurus Fund is an alter ego of the Debtor, because, among other reasons:

    a.  Taurus Fund was managed by the Debtor's chauffeur and/or bodyguard and another shell company under the Debtor's control;

    b.  Taurus Fund has not followed any corporate formalities, including compliance with the business organization disclosure and registration laws of Nevada and New Jersey;

---

[98]  *See Hyundai-Wia Mach. Am. Corp. v. Rouette (In re Rouette)*, 564 B.R. 157, 174 (Bankr. D. Conn. 2017) ("In the absence of an overriding federal interest or policy, federal courts look to the law of the state of incorporation to determine whether to pierce a corporation's veil.") (citing *In re Carterhouse, Inc*., 94 B.R. 271, 276 (Bankr. D. Conn. 1988).

[99]  *See Bermuda Rd. Properties, LLC v. EcoLogical Steel Sys., Inc.*, No. 2:12–cv–01579–JAD–GWF, 2017 WL 797092, *3 (D. Nev. Mar. 1, 2017) (citing *LFC Mktg. Grp., Inc. v. Loomis*, 8 P.3d 841, 845 (Nev. 2000) and *Polaris Indust. Corp v. Kaplan*, 747 P.2d 884, 886 (Nev. 1987)).

[100]  *Id*.

     c.   Taurus Fund's purchase of the Mahwah Mansion was funded by money controlled by the Debtor;

     d.   The Debtor uses the Mahwah Mansion as his residence, and Taurus Fund uses money funded and controlled by the Debtor to pay the Debtor's expenses in connection with such residence, including for construction and maintenance; and

     e.   The Porsche Piano owned by Taurus Fund was located in the offices of the GSeries entities, which this Court has found were controlled by the Debtor.

85.     The Debtor has wrongfully and unjustly used his alter ego control over Taurus Fund to, among other things, cause Taurus Fund to hold assets for the Debtor's use and benefit, while purporting to keep such assets outside the reach of the Debtor's creditors, enabling the Debtor to live a life of luxury without paying his debts.

86.     At all relevant times, the Debtor was indebted to one or more creditors.  Such creditors could have pursued the relief sought herein by the Trustee in exercise of such creditors' rights.

87.     Accordingly, the Trustee seeks a ruling pursuant to sections 541, 542, and 544 of the Bankruptcy Code, (1) declaring that: (a) at all times Taurus Fund was an alter ego of the Debtor; (b) any and all assets held by Taurus Fund at any time prior to the Debtor's petition date of February 15, 2022 constituted property of the Debtor; and (c) any and all assets held by Taurus Fund at any time from the date of the Debtor's February 15, 2022 chapter 11 petition to the present constituted and constitute, as applicable, property of the Debtor's chapter 11 estate; and (2) ordering the turnover of any and all of Taurus Fund's assets to the Trustee.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that judgment be entered as follows:

1.     On the First Claim, an order, pursuant to sections 541, 542, and 544 of the

Bankruptcy Code (1) declaring that: (a) the Debtor is the equitable owner of the Mahwah Mansion, and (b) that the Mahwah Mansion is property of the Debtor's chapter 11 estate to be administered by the Trustee; and (2) ordering Taurus Fund (and/or Scott Barnett and Taurus Management, as trustees of Taurus Fund) to turn over the Mahwah Mansion or its value and the fixtures and personal property in the Mahwah Mansion to the Trustee;

2.      On the Second Claim, an order, pursuant to sections 541, 542, and 544 of the Bankruptcy Code (1) declaring that: (a) at all times the Debtor is the equitable owner of Taurus Fund; (b) any and all assets held by Taurus Fund at any time prior to the Debtor's petition date of February 15, 2022 constituted property of the Debtor; and (c) any and all assets held by Taurus Fund at any time from the date of the Debtor's February 15, 2022 chapter 11 petition to the present constituted and constitute, as applicable, property of the Debtor's chapter 11 estate; and (2) ordering the turnover of Taurus Fund and any and all of Taurus Fund's assets to the Trustee.

3.      On the Third Claim, an order, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, (1) declaring that: (a) at all times Taurus Fund was an alter ego of the Debtor; (b) any and all assets held by Taurus Fund at any time prior to the Debtor's petition date of February 15, 2022 constituted property of the Debtor; and (c) any and all assets held by Taurus Fund at any time from the date of the Debtor's February 15, 2022 chapter 11 petition to the present constituted and constitute, as applicable, property of the Debtor's chapter 11 estate; and (2) ordering the turnover of any and all of Taurus Fund's assets to the Trustee.

4.      Reasonable attorneys' fees, costs, and expenses incurred in this action; and

5.     Such other and further relief as the Court may deem just, proper, or equitable under the circumstances.


[*Remainder of page intentionally left blank.*]

Dated:  July 11, 2023                         LUC A. DESPINS
        New York, New York                    CHAPTER 11 TRUSTEE


By: */s/ Douglass Barron*
    Avram E. Luft (admitted *pro hac vice*)
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6000
    aviluft@paulhastings.com
    douglassbarron@paulhastings.com

      *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C. 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

      *and*

    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

    *Counsel for the Chapter 11 Trustee*