UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HO WAN KWOK, *et al.*, | ) | Case No. 22-50073 (JAM) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | ) | Adv. P. No. 23-05017 (JAM) |
| | ) | Re: ECF No. 17 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| TAURUS FUND LLC; SCOTT BARNETT, AS TRUSTEE FOR TAURUS FUND LLC; and TAURUS MANAGEMENT LLC, AS TRUSTEE FOR TAURUS FUND LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER EXTENDING TEMPRORARY RESTRAINING ORDER

On July 11, 2023, Plaintiff Luc A. Despins, in his capacity as Chapter 11 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Mr. Ho Wan Kwok (the "Individual Debtor"), filed the *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion"). (ECF No. 4.) On August 1, 2023, the Court issued the Order Granting In Part *Ex Parte* Motion for Temporary Restraining Order (the "TRO"). (ECF No. 17.)

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Pursuant to Fed. R. Civ. P. 65(b)(2), made applicable in this adversary proceeding by Fed. R. Bankr. P. 7065, the TRO scheduled the Motion seeking a preliminary injunction for hearing on August 14, 2023 at 11:00 a.m.  The TRO also set August 9, 2023 as the date by which the Defendants Taurus Fund LLC ("Taurus Fund"), Taurus Management LLC (together with Taurus Fund, collectively, the "Corporate Defendants"), and Mr. Scott Barnett were to respond or object to the Motion.

The Trustee properly served the Defendants with the TRO and the Motion pursuant to Fed. R. Bankr. P. 7004(b) via both first class and overnight mail.  (ECF Nos. 18, 26, 27.)  The Trustee additionally attempted personal service on Defendant Barnett multiple times at his residence pursuant to Fed. R. Civ. P. 4(c), made applicable by Fed. R. Bankr. P. 7004(a).  No response or objection to the TRO or the Motion was timely filed by any of the Defendants.  Moreover, the Defendants have failed to timely make disclosures required by the TRO.  Defendant Barnett did not appear personally or through counsel during the hearing.  However, the Corporate Defendants appeared through counsel during the hearing who made argument, objected to evidence, and cross-examined witnesses, but declined to introduce evidence.

During the hearing, the Corporate Defendants requested a continuance of the hearing and expressed that they would consent to an extension of the TRO for that reason.  Having found the Trustee's service of the TRO was more than sufficient, and the Corporate Defendants' arguments about their lack of notice and service were unconvincing, the Court denied this request for a continuance.

A substantial amount of evidence was introduced by the Trustee during the hearing, including testimony and video evidence.  Given the amount of evidence introduced during the hearing, the fact that the hearing concluded at approximately 4:40 p.m. on August 14, 2023, and

the fact that the TRO will expire at approximately 2:00 p.m. on August 15, 2023, if not extended, the Court needs additional time to decide the Motion. Therefore, the Court finds that good cause exists to extend the TRO pursuant to Fed. R. Civ. P. 65(b)(2) and Fed. R. Bankr. P. 7065. Accordingly, it is hereby

**ORDERED:** Pursuant to Fed. R. Civ. P. 65(b)(2) and Fed. R. Bankr. P. 7065, the TRO is extended for a period of not more than 14 days while the Court rules on the Motion for a preliminary injunction. All of the terms and conditions of the TRO remain in effect until further order of the Court, including but not limited to the requirements that, pursuant to Fed. R. Civ. P. 65(b): (i) the Defendants shall not transfer, encumber, move, dispose of, or in any way impair any asset or property of Taurus Fund, including the Mahwah Mansion; and (ii) the Defendants shall not transfer, encumber, move, dispose of, or in any way impair any personalty and/or fixtures in or on the Mahwah Mansion; and it is further

**ORDERED:** The request for a continuance of the hearing on the Motion insofar as it requests a preliminary injunction is **DENIED** and no further pleadings shall be filed in connection with the Motion; and it is further

**ORDERED:** On or after August 21, 2023, should the Defendants continue to violate the TRO's requirements that the Defendants shall, within five days of entry of the TRO, identify to the Trustee and to the Court: (i) any and all property and assets of Taurus Fund; and (ii) any and all personalty and/or fixtures located in or on the Mahwah Mansion, the Trustee may move for contempt; and it is further

**ORDERED:** At or before 5:00 p.m. on August 15, 2023, the Trustee shall serve this Order on Defendant Barnett who has failed to appear and object or respond to the TRO and shall file a certificate of service demonstrating compliance with this Order.

Dated at Bridgeport, Connecticut this 15th day of August, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut