UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x
:
LUC A. DESPINS, CHAPTER 11 :
TRUSTEE, :
: Adv. Proceeding No. 23-05017
Plaintiff, :
v. :
:
:
TAURUS FUND LLC, :
SCOTT BARNETT, as trustee of TAURUS FUND :
LLC, and :
TAURUS MANAGEMENT LLC, as trustee of :
TAURUS FUND LLC, :
:
Defendants. :
---------------------------------------------------------------x

**[PROPOSED] PRETRIAL ORDER**

Plaintiff Luc A. Despins, in his capacity as the Chapter 11 trustee (the "Trustee") for the estate of Ho Wan Kwok (the "Debtor") respectfully requests that the Court enter the following proposed pretrial order (the "Pretrial Order") in the above-captioned adversary proceeding:

1. The deadline for the completion of all fact discovery, including all interrogatories,

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

1

requests for admission, and/or requests for production of documents (collectively, the "Written Discovery Requests") and deposition discovery pursuant to, *inter alia*, Rules 7030, 7033, 7034, and 7036 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and Rules 30, 33, 34, and 36 of the Federal Rules of Civil Procedure (collectively, the "Civil Rules"), and/or third party discovery pursuant to Bankruptcy Rule 9016 and Civil Rule 45 shall be: December 18, 2023.

    2.    On or before December 8, 2023, the Appearing Parties[2] shall identify affirmative experts (if any) and provide a description of the subject matter of their testimony. On or before December 20, 2023, the Appearing Parties shall exchange affirmative expert reports from the affirmative experts previously identified (if any). On or before January 10, 2024, the Appearing Parties shall exchange rebuttal expert reports (if any) responsive to any affirmative expert report served by the opposing Appearing Party. On or before January 19, 2024, the Appearing Parties shall complete expert depositions (if any).

    3.    Any motions for summary judgment by the Appearing Parties shall be filed on or before: January 26, 2024. The Appearing Parties shall file oppositions to motions for summary judgment within two weeks from the date of the summary judgment filing they are opposing (if any). The Appearing Parties shall file reply briefs in support of their motions for summary judgment within two weeks from the filing of any opposition (if any).

    4.    If no Appearing Party files a motion for summary judgment, the Appearing Parties shall file a joint pretrial statement (the "Joint Pretrial Statement") no later than February 16, 2024. If any Appearing Party does file a motion for summary judgment, the Appearing Parties shall file the Joint Pretrial Statement no later than three weeks from the Court's ruling on

---

[2] "Appearing Parties" is defined as the Trustee together with defendants Taurus Fund LLC ("Taurus Fund"), Scott Barnett, and Taurus Management LLC ("Taurus Management"). Each is an "Appearing Party."

the motion(s) for judgment (if summary judgment is denied in whole or part).

5. The proposed Joint Pretrial Statement shall be in the following form:

   a. <u>NATURE OF THE CASE</u>.  Setting forth a brief statement of the general nature of the action and the relief sought by the Appearing Parties.

   b. <u>BASIS FOR JURISDICTION, WHETHER THE CASE IS CORE OR NON-CORE, AND WHETHER THE BANKRUPTCY JUDGE MAY ENTER FINAL ORDERS OR JUDGMENT</u>.  Setting forth the basis for subject matter jurisdiction and whether the case is core or non-core, and if core, whether the court can enter final orders and judgment.  If these matters are disputed, the positions of each of the Appearing Parties should be explained.  Also, state whether the Appearing Parties consent to the bankruptcy judge entering final orders or judgment.

   c. <u>STATEMENT OF UNCONTESTED/STIPULATED FACTS</u>. Uncontested facts shall be set forth in plain, concise and chronological fashion.

   d. <u>APPEARING PARTIES' CONTENTIONS</u>.

      i. Plaintiff's Contentions, setting forth a brief statement of the plaintiff's contentions in separately numbered paragraphs as to all ultimate issues of fact and law.

      ii. Defendants' Contentions, setting forth a brief statement of the defendants' contentions in separately numbered paragraphs as to all ultimate issues of fact and law.

   e. <u>STATEMENT OF RELIEF SOUGHT</u>.  The Appearing Parties shall list the exact forms of relief sought with precise designations of persons, Appearing Parties, places, and things expected to be included in any order providing relief.

f.  <u>ISSUES TO BE TRIED.</u> Setting forth an agreed statement of the issues to be tried. (Counsel should include a brief statement regarding which Appearing Party has the burden of proof on each legal issue).

g.  <u>WITNESSES.</u> The Witness List should include a brief statement of the evidence the witness will give. Witnesses shall be classified between those whom any Appearing Party expects to present and those whom any Appearing Party may call if the need arises. Pursuant to Bankruptcy Rule 9014(c), any witness that an Appearing Party proposes to be qualified as an expert at trial shall be identified as such in the witness list and the Appearing Party proposing such qualification shall provide a brief summary of the witnesses' opinions subject to such qualification.

h.  <u>EXHIBITS.</u> The Exhibits to be offered into evidence shall be serially numbered and physically marked before trial. Documents which an Appearing Party MAY offer if the need arises, including rebuttal exhibits, need not be identified before trial.

i.  <u>STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS</u>. Any objections not set forth in the proposed Joint Pretrial Statement will be considered waived absent good cause shown, and the Appearing Parties shall set forth any stipulations with respect to the authenticity and admissibility of exhibits and indicate all objections to exhibits and the grounds therefor.

j.  <u>MOTION(S) *IN LIMINE*.</u> The Appearing Parties shall identify any Motions *In Limine* that they believe need to be resolved prior to trial. The nature of the issue shall be described in sufficient detail to facilitate a discussion of the issue(s) at any final pretrial/settlement conference and to permit the Court to issue an

4

appropriate scheduling order, if necessary, for the filing and resolution of such Motion(s).

k. <u>DISCOVERY SUBMISSIONS.</u> The Appearing Parties shall provide a list of each discovery item and trial deposition to be offered into evidence. (Counsel shall designate by page the portion of deposition testimony and by number the interrogatories that shall be offered in evidence at trial).

l. <u>ESTIMATED TRIAL DURATION.</u> The Appearing Parties shall each provide their best estimate of the time required to try each respective portion of the case.

m. <u>SETTLEMENT.</u> The Appearing Parties shall include a certification that they have attempted good faith settlement discussions without success.

n. <u>SPECIAL CONSIDERATIONS.</u> The Appearing Parties shall identify any special considerations which may impact the efficient administration of the case (i.e., witness availability, electronic presentations, disabilities or hardships).

6. Upon review of the proposed Joint Pretrial Statement, the Court shall schedule a final pretrial conference in advance of trial on a date to be set by the Court.

7. The trial shall commence at _____ a.m. on _____, 2024 in the United States Bankruptcy Court, 915 Lafayette Boulevard, Bridgeport, CT.

8. Subject to the approval by the Court, the dates and deadlines set out in this Order may be modified by agreement of the Appearing Parties.

[*Remainder of Page Intentionally Left Blank*]

Dated: October 25, 2023
New York, New York

By: /s/ Avram E. Luft
Avram E. Luft (admitted *pro hac vice*)
G. Alexander Bongartz (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com
alexbongartz@paulhastings.com

    *and*

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

    *and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*Counsel for the Chapter 11 Trustee*