**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re: <br><br> HO WAN KWOK, *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 22-50073 (JAM) <br><br> (Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, <br><br> Plaintiff, <br> v. <br><br> TAURUS FUND LLC; SCOTT BARNETT, AS TRUSTEE FOR TAURUS FUND LLC; and TAURUS MANAGEMENT LLC, AS TRUSTEE FOR TAURUS FUND LLC, <br><br> Defendants. | Adv. P. No. 23-05017 (JAM) <br><br> RE: ECF Nos. 76, 77 |

**PRETRIAL ORDER**

On October 18, 2023, a Pretrial Conference was held in the above-captioned adversary proceeding. During the Pretrial Conference, the Plaintiff, Mr. Luc A. Despins, in his capacity as Chapter 11 trustee for the estate of Mr. Ho Wan Kwok, and the Defendants, Taurus Fund LLC, Mr. Scott Barnett, as trustee for Taurus Fund LLC, and Taurus Management LLC, as trustee for Taurus Fund LLC, (together with the Plaintiff, each a "Party," and, collectively, the "Parties")

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

informed the Court that they disagreed as to the form of a pretrial order. The Court instructed the Parties to meet and confer but, if they could not agree, to file competing proposed pretrial orders. The Parties submitted competing Proposed Pretrial Orders. (ECF Nos. 76, 77.) Upon review of the Proposed Pretrial Orders, it is hereby **ORDERED:**

1. **Fact Discovery Deadline.** On or before January 12, 2024, the Parties shall complete all fact discovery, including deposition discovery and interrogatories, requests for admission, and/or requests for production of documents pursuant to, *inter alia*, Rules 7030, 7033, 7034, and 7036 of the Federal Rules of Bankruptcy Procedure (each a "Bankruptcy Rule," and collectively, the "Bankruptcy Rules"), and Rules 30, 33, 34, and 36, of the Federal Rules of Civil Procedure (each a "Civil Rule," and, collectively, the "Civil Rules") and/or third-party discovery pursuant to Bankruptcy Rule 9016 and Civil Rule 45 shall be.

2. **Expert Disclosure, Reports, and Discovery Deadlines.** On or before January 5, 2024, the Parties will identify experts (if any) and provide a description of the subject matter of their testimony. On or before January 19, 2024, the Parties shall exchange expert reports from the experts previously identified (if any). On or before February 9, 2024, the Parties shall exchange rebuttal expert reports (if any). On or before February 23, 2024, the Parties shall complete expert depositions (if any).

3. **Motion for Summary Judgment Deadline.** On or before March 8, 2024, the Parties shall file any motions for summary judgment.

4. **Joint Pretrial Statement Deadline.** On or before March 8, 2024, the Parties shall file a joint pretrial statement (the "Joint Pretrial Statement"), provided no motions for summary judgment have been filed. If any motions for summary judgment are filed, the Parties shall file

the Joint Pretrial Statement within fourteen (14) days of the decision on the motions for summary judgment.

    5. **Form of Joint Pretrial Statement.** The proposed Joint Pretrial Statement shall be in the following form:

    a. <u>NATURE OF THE CASE</u>. Setting forth a brief statement of the general nature of the action and the relief sought by each Party.

    b. <u>BASIS FOR JURISDICTION, WHETHER THE CASE IS CORE OR NON-CORE, AND WHETHER THE BANKRUPTCY JUDGE MAY ENTER FINAL ORDERS OR JUDGMENT</u>. Setting forth the basis for subject matter jurisdiction and whether the case is core or non-core, and if core, whether the court can enter final orders and judgment. If these matters are disputed, the positions of each of the Parties should be explained. Also, state whether the Parties consent to the bankruptcy judge entering final orders or judgment.

    c. <u>STATEMENT OF UNCONTESTED/STIPULATED FACTS</u>. Uncontested facts shall be set forth in plain, concise and chronological fashion.

    d. <u>APPEARING PARTIES' CONTENTIONS</u>.

      i. Plaintiff's contentions, setting forth a brief statement of the Plaintiff's contentions in separately numbered paragraphs as to all ultimate issues of fact and law.

      ii. Defendants' contentions, setting forth a brief statement of the Defendants' contentions in separately numbered paragraphs as to all ultimate issues of fact and law.

e. STATEMENT OF RELIEF SOUGHT. The Parties shall list the exact forms of relief sought.

f. ISSUES TO BE TRIED. Setting forth an agreed statement of the issues to be tried. Counsel shall include a brief statement regarding which Party has the burden of proof on each legal issue.

g. WITNESSES. The witness list should include a brief statement of the evidence the witness will give. witnesses shall be classified between those whom any Party expects to present and those whom any Party may call if the need arises. Pursuant to Bankruptcy Rule 9014(c), any witness that a Party proposes to be qualified as an expert at trial shall be identified as such in the witness list and the Party proposing such qualification shall provide a brief summary of the witnesses' opinions subject to such qualification.

h. EXHIBITS. The exhibits to be offered into evidence shall be serially numbered and physically marked before trial and, with respect to documents, shall be filed on the docket in this adversary proceeding in PDF format as separate PDFs. Documents which a Party *may* offer only for rebuttal or impeachment need not be identified before trial.

i. STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS. Any objections not set forth in the proposed Joint Pretrial Statement will be considered waived absent good cause shown, and the Parties shall set forth any stipulations with respect to the authenticity and admissibility of exhibits and indicate all objections to exhibits and the grounds therefor.

j. MOTION(S) *IN LIMINE*. The Parties shall identify any Motions *In Limine* that they believe need to be resolved prior to trial. The nature of the issue shall be described in sufficient detail to facilitate a discussion of the issue(s) at any final pretrial/settlement

conference and to permit the Court to issue an appropriate scheduling order, if necessary, for the filing and resolution of such Motion(s).

 k. DISCOVERY SUBMISSIONS.  The Parties shall provide a list of each discovery item and trial deposition to be offered into evidence.  Counsel shall designate by page the portion of deposition testimony and by number the interrogatories that shall be offered in evidence at trial.

 l. ESTIMATED TRIAL DURATION.  The Parties shall each provide their best estimate of the time required to try each respective portion of the case.

 m. SETTLEMENT.  The Appearing Parties shall include a certification that they have attempted good faith settlement discussions without success.

 n. SPECIAL CONSIDERATIONS.  The Parties shall identify any special considerations which may impact the efficient administration of the case, *e.g.*, witness availability, electronic presentations, disabilities or hardships.

6. **Scheduling of Final Pretrial Conference.**  Upon review of the proposed Joint Pretrial Statement, the Court may schedule a final pretrial conference in advance of trial.

7. **Trial Date.**  Unless motions for summary judgment are filed, the trial shall commence at 10:00 a.m. on March 27, 2024 and continue, to the extent necessary, at 10:00 a.m. on March 28, 2024 in the United States Bankruptcy Court, 915 Lafayette Boulevard, Bridgeport, CT.  If any motions for summary judgment are filed, the Court shall determine new trial dates after deciding the motions for summary judgment.

8. **Scheduling of Post-Trial Briefing.**  To the extent requested by the Court, upon the conclusion of trial, the Court shall order a deadline for the Parties' submission of post-trial briefs.

9. **Modification of this Order.**  Subject to approval by the Court, the dates and deadlines provided in paragraphs 1 through 3 of this Order may be modified by agreement of the Parties.  All other dates and deadlines shall be subject to modification for good cause shown.

Dated at Bridgeport, Connecticut this 7th day of November, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut